UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 11-CR-0184

GREGG S. STEIN,

        Defendant.

**ORDER REGARDING JURY INSTRUCTIONS**

Defendant Gregg Stein is charged with possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2). The matter is currently scheduled for a jury trial to begin on February 1, 2012. Both parties have filed proposed jury instructions on the elements of the charged crime. The proposed instructions reveal a dispute over the mental state that is required for a conviction.

The Government contends that the jury should be instructed that it need not find that the defendant knew his conduct violated federal law, or that he acted with an intent or purpose to do something the law forbids. In the Government's view, it need only prove that 1) that prior to the date of offense, the defendant had been convicted of a misdemeanor crime of domestic violence; 2) that on the date of the offense the defendant knowingly possessed a firearm or firearms; and 3) that the firearm or firearms possessed by the defendant traveled in interstate commerce prior to the date of the offense. In other words, the Government contends that it need not prove that the defendant realized that his prior conviction disqualified him from possessing a firearm and made him a prohibited person within the meaning of federal firearms law.

The defendant, on the other hand, contends that the requirement that the defendant "knowingly violated" § 922(g) means that the defendant must not only have knowingly possessed a firearm or firearms, but must also have known that his prior conviction rendered his future possession of firearms unlawful. Defendant contends that he has substantial evidence that he lacked such knowledge and in fact had been told that he could possess a firearm by both the attorney who represented him on the earlier misdemeanor charge and the state court judge who presided over the matter.

Having reviewed the authority cited by the parties, the Court is satisfied that the Government has correctly stated the law in this circuit. In *United States v. Wilson*, 437 F3d 616 (7th Cir. 2006), the court addressed the mental state required for conviction of possession of ammunition by a person previously convicted of a felony. The court rejected the very argument that the defendant makes here:

> We have held that the "knowingly" standard in § 924 requires only that a defendant possess "the intent to do the act that is prescribed by law" and that the Government need not prove either a defendant's knowledge of the law or, by necessary implication, a defendant's knowledge of the illegality of his actions. . . .. As applied to this case, the Government was required to prove only that Wilson intended to possess ammunition, not that he knew his possession was prohibited by federal law.

*Id.* at 620 (citation omitted). In other words, an offense under § 922 is to some extent a strict liability offense.

Stein cites Judge Posner's dissent in an earlier case with, coincidentally, the same name in support of his contention that the statute should be read to require knowledge of the illegality of the possession. *See United States v. Wilson*, 159 F3d 280, 293 (7th Cir. 1998) (Posner, J. dissenting) ("It is wrong to convict a person of a crime if he had no reason to believe that the act

for which he was convicted was a crime, or even that it *was* wrongful. This is one of the bedrock principles of American law. It lies at the heart of any civilized system of law.")

As persuasive as Judge Posner's reasoning may be as a logical matter, the fact that it appears in a dissent prevents the Court from according it the legal weight Stein requests. Given the clear and unequivocal statement of the Court in the latter *Wilson* case, the Court concludes that the Government's instruction is a proper statement of the law in this Circuit. Accordingly, the defendant's proposed instruction is rejected.

**SO ORDERED** this <u>  12th  </u> day of January, 2012.

<u> s/ William C. Griesbach                     </u>
William C. Griesbach
United States District Judge